CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 11 2006
JOHN F. CORCORAN, CLERK
BY: Feli Coleman
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| DAMEUN M. SCOTT,<br><br>*Plaintiff,*<br><br>v.<br><br>JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant.* | CIVIL ACTION NO. 6:05-CV-00010<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

By standing order of the Court, this case was referred to the Honorable Michael F. Urbanski, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) & (C). The Magistrate filed his Report and Recommendation ("Report") on February 21, 2006, recommending that this Court enter an order affirming the Commissioner's decision finding Plaintiff not entitled to disability, and granting the Commissioner's motion for summary judgment.

Plaintiff timely filed Objections to the Report on March 2, 2006, obligating the Court to undertake a *de novo* review of the case. 28 U.S.C. § 636(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Plaintiff contends that 1) the ALJ's finding that plaintiff's nonexertional limitations did not meet listing criteria is not supported by substantial evidence because records from Central Virginia Community Services are "uncontroverted," and 2) that new evidence, not presented to the ALJ, merits a remand for reconsideration.

After a thorough examination of the Plaintiff's objections, the applicable law, the documented record, and the Magistrate's Report, the Court overrules all objections.

While it is true that the CVCS records are not contradicted by any medical evidence or testimony, that is not dispositive of the *legal* issue of whether the symptoms described meet the criteria of Listing 12.04. As the ALJ and the Magistrate have both discussed, the descriptions of symptoms in the record are not severe enough to constitute a listing-level disability. Mr. Scott did not meet either the "A" or "B" criteria, when he must meet both. (R. 15) He functions in the community successfully and without severe impairment. In addition, prescriptions are able to reduce what symptoms he does have, and his worst impairment has come at times when he has been non-compliant with his medication. (R. 204-207, 252) Assuming that the proffered records are correct in their entirety, they still do not support a finding of disability.

The new evidence offered upon judicial review does, as the Plaintiff alleges in his objections, document continuing pain, numbness, and weakness in his back, as well as continuing mental health issues. However, nothing in the records suggests that they reveal a lower level of function than was before the ALJ in rendering the original decision. The ALJ's decision would not reasonably have been different had she known that, six months later, the plaintiff would be complaining of very similar symptoms, and continuing a course of treatment for them. Thus the new evidence is not material and does not merit a remand under *Borders v. Heckler*, 777 F.2d 954 (4th Cir. 1985).

Accordingly, it is this day ORDERED that the Report and Recommendation of the United States Magistrate Judge filed April 12, shall be, and hereby is, ADOPTED, in its entirety. The Commissioner's decision is AFFIRMED and her motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED. This case is DISMISSED and stricken from the docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record.

ENTER: _/s/ Norman K. Moon_
U.S. District Court Judge

DATE: October 11, 2006